UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMMA SCHMIDT and HALLIE MEYER<br>Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : : : : | |
| CONAGRA FOODS, INC.<br>Defendant | : | DECEMBER 3, 2014 |

## COMPLAINT

### I. Introduction:

Plaintiffs, Emma Schmidt and Hallie Meyer, bring this action to recover monetary damages for injuries they sustained as a result of a fire that occurred on May 13, 2013. The fire was caused by a PAM cooking spray canister designed, labeled, manufactured, filled and/or sold by the Defendant, ConAgra Foods Incorporated.

The PAM cooking spray was sitting on a countertop in the kitchen of the home located at 106 Shearer Road in Washington, Connecticut. The can of PAM cooking spray released its contents, causing serious injuries to Emma Schmidt and Hallie Meyer, and causing extensive property damage.

The Plaintiffs contend that the Defendant, ConAgra Foods, Inc. is liable to them, pursuant to the Connecticut Product Liability Act, C.G.S. § 52-572m et seq., for the defective condition of the PAM aerosol canister.

### II. Jurisdiction:

This court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332(a) and 1367. Plaintiffs and defendant are citizens of different states and the amount in controversy on each claim exceeds $75,000.00, exclusive of interests and costs.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the event at issue occurred in this district; and defendant ConAgra Foods, Inc. transacts business in the State of Connecticut.

### III.   Claims for Relief

1. On May 13, 2013, at approximately 10:00 p.m., the Plaintiffs, Emma Schmidt and Hallie Meyer were in the kitchen of the residence located at 106 Shearer Road in Washington, Connecticut. Hallie Meyer grew up around restaurants and professional kitchens, and is an experienced cook.

2. Emma Schmidt and Hallie Meyer were cooking on the stovetop located in the kitchen. Two cans of PAM cooking spray had recently been purchased, specifically for use by Emma Schmidt and Hallie Meyer.

3. There were several cans of PAM cooking spray located in the kitchen. One of the recently purchased cans was located on the countertop to the right of the stove.

4. The defendant, ConAgra Foods Inc. ("ConAgra"), is a corporation with a principal place of business at One ConAgra Drive in Omaha, Nebraska.

5. ConAgra is licensed to do business and does business in the State of Connecticut.

6. ConAgra is one of America's largest food companies.

7. At all times relevant to the allegations in this complaint, ConAgra, was and is in the business of manufacturing, advertising and promoting the sale of various food brands, including PAM cooking spray.

8. At all times relevant to the allegations in this complaint, the defendant ConAgra, was, and is, a product seller within the meaning of C.G.S. § 52-572m.

9. ConAgra designed, manufactured, filled, and/or sold the canister of PAM cooking spray located on the countertop next to the stove.

10. Defendant ConAgra designed, manufactured, filled and/or sold the PAM cooking spray involved in the fire at issue for use by consumers in residential kitchens, and the defendant expected that the PAM cooking spray would be used in residential kitchens, including in the State of Connecticut.

11. At the time the defendant, ConAgra designed, manufactured and/or sold the PAM cooking spray involved in the fire at issue, the defendant expected the PAM cooking spray to reach its ultimate user without substantial change in the condition in which it was designed, manufactured and/or sold.

12. The PAM cooking spray reached its ultimate users, Emma Schmidt and Hallie Meyer, without substantial change in its condition and was used in a reasonably foreseeable manner on May 13, 2013.

13. The canister of PAM over-pressurized and vented, spraying its flaming contents onto Emma Schmidt and Hallie Meyer, and igniting a fire at the residence.

## A. INJURIES AND DAMAGES SUSTAINED BY PLAINTIFFS

### 1. Emma Schmidt

14. As a result of the fire, Emma Schmidt suffered the following injuries, some or all of which may be permanent in nature:

   a. Severe burns to her legs;
   b. Scarring;
   c. Physical pain and suffering;
   d. Emotional distress.

15. As a further result of the fire and her resulting injuries, Emma Schmidt has incurred and will continue to incur medical expenses.

16. As a further result of the fire, Emma Schmidt has suffered a loss of earning capacity

17. As a further result of the fire, Emma Schmidt's ability to carry on and enjoy life's activities has been impaired.

3

### 2. Hallie Meyer

18.     As a result of the fire, Hallie Meyer suffered the following injuries, some or all of which may be permanent in nature:

    a. Severe burn injuries to her arms;
    b. Scarring;
    c. Physical pain and suffering;
    d. Emotional distress.

19.     As a further result of the fire, Hallie Meyer has incurred and will continue to incur medical expenses.

20.     As a further result of the fire, Hallie Meyer's ability to carry on and enjoy life's activities has been impaired.

### B. DEFENDANT CONAGRA'S LIABILITY UNDER THE CONNECTICUT PRODUCT LIABILITY ACT

21.     The PAM cooking spray involved in this fire, as designed, manufactured and/or sold by the defendant was defective in that it over-pressurized and vented flammable contents, creating a risk of fire and burn injury to persons using it.

22.     At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on May 13, 2013, it knew of the risk of over-pressurizing and venting of the flammable product, and failed to advise purchasers and users of the dangerous condition of the product.

23.     At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on May 13, 2013, it failed to accurately label and warn users that PAM cooking spray canisters may contain ingredients such as liquefied petroleum gas, propane, butane and/or ethanol and only listed "propellant" on the back under small print ingredients.

24.     At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on May 13, 2013, it failed to accurately label and warn users that

4

PAM cooking spray canisters contain "extremely flammable aerosol" that should not be exposed to temperatures in the range of 120 degrees.

25.     At the time ConAgra designed, manufactured and/or sold the PAM cooking spray in use on May 13, 2013, it failed to accurately label and warn users of the dangers and risks presented by PAM cooking spray canister and instead elected to place almost invisible warnings in small, yellow colored print on a yellow background.

26.     Emma Schmidt's and Hallie Meyer's injuries were caused by the defective condition of the PAM cooking spray as designed, manufactured and/or sold by the defendant ConAgra Foods.

27.     The defendant is liable to the Plaintiffs for their injuries and damages pursuant to the Connecticut Product Liability Act, C.G.S. § 52-572n et seq.

28.     The harm suffered by the Plaintiffs was the result of the defendant ConAgra's reckless disregard for the safety of consumers using its PAM cooking spray, in that the defendant knew or reasonably should have known that the cooking spray created a fire hazard, and despite such knowledge, the defendant sold PAM cooking spray for use by the public.

IV. **PRAYER FOR RELIEF:**

Plaintiffs request the following:

1. Compensatory damages in the amount of $10,000,000.00 (ten million) dollars, plus costs

2. Punitive damages pursuant to CGS 52-240(b);

3. Such other relief as the court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS,

By: _____
Kathleen L. Nastri
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Federal Bar No.: ct01704
Telephone: (203) 336-4421
Facsimile:  (203) 368-3244
Email: Knastri@koskoff.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMA SCHMIDT and HALLIE MEYER<br>Plaintiffs, | CIVIL ACTION NO. |
| v. | |
| CONAGRA FOODS INC.<br>Defendant | DECEMBER 3, 2014 |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civil P., Rule 38, Plaintiffs in the above-captioned matter hereby demand a trial by jury on all issues.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS,

By: _____
Kathleen L. Nastri
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Federal Bar No.: ct01704
Telephone: (203) 336-4421
Facsimile:  (203) 368-3244
Email: Knastri@koskoff.com
