UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMMA SCHMIDT and HALLIE MEYER<br>Plaintiffs, | CIVIL ACTION NO.<br>3:14-cv-01816 (SRU) |
| v. | |
| CONAGRA FOODS, INC.<br>Defendant,<br>and | |
| ASSOCIATED INDEMNITY CORPORATION<br>A/S/O DANIEL AND AUBREY MEYER<br>Plaintiffs, | CIVIL ACTION NO.<br>3:15-cv-63 (SRU) |
| v. | |
| CONAGRA FOODS, INC.<br>Defendant, | APRIL 9, 2015 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO HAVE RESPONSES IN DEFENDANT'S ANSWER DEEMED ADMITTED

Defendant ConAgra Foods, Inc. ("ConAgra") hereby opposes plaintiffs Emma Schmidt and Hallie Meyer's ("plaintiffs") Motion to Have Responses in Defendant's Answer Deemed Admitted ("Motion"). ConAgra's responses are comprised of argumentative denials of the plaintiffs' allegations and provide a clear indication to the plaintiffs of which allegations ConAgra is denying. ConAgra respectfully requests that the Court deny the plaintiffs' Motion.

## LEGAL STANDARD

"Courts in [the Second] Circuit generally take a strict view of Rule 8(b) requirements, and Rule 8(d) consequences, even when the result is admission of claim elements… However, there are no magic words needed to deny an allegation." *Koch v. Pechota*, 2013 WL 3892827 at

{W2525017}                               1

*7 (July 25, 2013). "The federal rules were designed to eliminate objections based on frivolous or immaterial technicalities. As long as the statement fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial, a responsive plea should be upheld even though it is argumentative in form." *In re: Waring*, 491 B.R. 324, 329 (E.D.N.Y Bkrtcy. 2013) *citing* Wright, et al., 5 Fed. Prac. & Proc. Civ. § 1268 (3d. ed.).

**ARGUMENT**

A. <u>ConAgra's Responses to the Plaintiffs' Allegations are Argumentative Denials</u>

ConAgra's admissions of its own affirmative statements in its responses to the plaintiff's allegations are considered argumentative denials, which are allowed in the Second Circuit. In *Scherer v. Equitable Life Assurance Society of the U.S.*, the Southern District of New York upheld a defendant's answers as denials when the defendant declined to answer because of the *res judicata* effect of a previous decision. *Scherer v. Equitable Life Assurance Society of the U.S.*, 2004 WL 2101932 at *12-13 (Sept. 21, 2004). In so holding, the court reasoned that "[w]hile these responses do not take the form of the direct and terse denials favored by Rule 8, they do not represent a wholesale refusal on defendant's part to take a position on issues raised by the Amended Complaint." *Id.* at 12. "By referencing judicial action that resolves the issues averred to in the relevant paragraphs of the Amended Complaint, defendant's responses give plaintiff and the Court clear notice that the defendant denies averments of fact…" *Id.* at 13.

Here, the plaintiffs take issue with ConAgra's admission that it "is a corporation in the business of selling food products." (Complaint, ¶¶ 5-7, 9-10). By so admitting, ConAgra is providing an argumentative denial to the plaintiffs' allegations. While such an argumentative denial is not the terse denial specifically set out in Rule 8, it puts the plaintiff on notice that it is

{W2525017} 2

admitting only the statement that it is making. The plaintiffs are thus aware that anything not specifically admitted is denied.

B. There are no "Magic Words" Needed to Deny Allegations

The plaintiffs' motion seems to allege that ConAgra must state that it lacks knowledge or information sufficient to make a determination about the plaintiffs allegations in order to leave the plaintiff to its proof. This implies that there are "magic words" that the defendant must use in answering the complaint. Such an assertion is contrary to the applicable case law. *See Pechota*, 2013 WL 3892827 at *7 (stating that no magic words are needed to deny an allegation).

"FRCP 8(b) requires that a defendant's pleading... apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *In re: Waring*, 491 B.R. at 329. ConAgra's answers to paragraphs 5, 6, 7, 9 and 10 of the plaintiffs' complaint are straightforward; ConAgra admits that it is a corporation and that it sells food products. It leaves the plaintiff to prove the remaining allegations at trial. Plaintiffs cannot require ConAgra to use the word "deny" or "denial" in order for such denials to be valid. *Id.*

Further, defendants may only admit or deny an allegation contained in a complaint. Fed. R. Civ. P. 8(b)(1)(B). ConAgra is not equivocating in its answer. It admits only a certain part of the allegation. From the language contained in response, the plaintiffs are aware of which portion of the allegation is admitted and which is not. The language of the response puts the plaintiffs on notice that the remaining allegations are denied and that proof will need to be offered at trial.

C. ConAgra's denials of Paragraphs 6, 7, 9 and 10 are valid despite Plaintiffs' assertions that ConAgra must provide more information

ConAgra has chosen to leave the plaintiffs to their proof at trial as to the remaining allegations in paragraphs 6, 7, 9 and 10. The plaintiffs allege that ConAgra has knowledge of the

{W2525017}   3

allegations and cannot leave the plaintiffs to their proof. Such an assertion has little basis in the case law of this circuit. A defendant may deny an allegation so long as the basic requirements of Rule 8(b) have been met. *Pechota*, 2013 WL 3892827 at *8. In *Pechota*, the plaintiff asserted that the defendant could not deny certain assertions that the plaintiff believes defendant could admit with "minimal investigation." *Id.* The court held that "Defendants have denied each of Plaintiff's allegation, and Plaintiff has point out any defects in the answer which would prevent the plaintiff from properly preparing its case for [sic] [...]"

Like the defendant in *Pechota*, ConAgra, by leaving the plaintiff to its proof, has denied the plaintiffs' allegations. The plaintiffs cannot state that ConAgra's answers prevent them from properly preparing their case. They are on notice as to which claims they will be asked to prove at trial. Further, any claim that ConAgra's must present a better answer based on knowledge and information is contrary to the court's holding in *Pechota*. ConAgra's answers to paragraphs 6, 7, 9 and 10 are proper.

## CONCLUSION

For the foregoing reasons, ConAgra respectfully requests that the Court deny the plaintiffs' Motion Have Responses in Defendant's Answer Deemed Admitted.

DEFENDANT,
CONAGRA FOODS, INC.

By: /s/ Kristin Connors
Kristin Connors
Federal Bar No. ct12394
Carmody Torrance Sandak
& Hennessey LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: kconnors@carmodylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kristin Connors