## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER**<br>　　　**Plaintiffs,** | : <br> : <br> : | **CIVIL ACTION NO.**<br>**3:14-CV-01816 (SRU)** |
| v. | : | |
| **CONAGRA FOODS, INC**<br>　　　**Defendant** | : | |
| and | | |
| **ASSOCIATED INDEMNITY CORPORATION**<br>**A/S/O DANIEL AND AUBREY MEYER**<br>　　　**Plaintiffs,** | :<br>:<br>: | **CIVIL ACTION NO.**<br>**3:15-CV-00063 (SRU)** |
| v. | : | |
| **CONAGRA FOODS, INC**<br>　　　**Defendant** | : | **April 22, 2015** |

## REPORT OF RULE 26(f) PLANNING MEETING

The plaintiffs, Emma Schmidt, Hallie Meyer and Associated Indemnity Corporation a/s/o Daniel and Aubrey Meyer ("Plaintiffs"), and the defendant, ConAgra Foods, Inc. ("Defendant") hereby submit their report of their Rule 26(f) Planning Meeting.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on April 9, 2015. The participants were Kathleen Nastri, counsel for plaintiffs, Emma Schmidt and Hallie Meyer, Mark Opalisky, counsel for Associated Indemnity Corporation a/s/o

Daniel and Aubrey Meyer and Kristin Connors and Brian Boulet, counsel for Defendant, ConAgra Foods, Inc.

{W2531463}

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their client, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Plaintiffs will prove that this court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332(a) and 1367. Plaintiffs and defendant are citizens of different states and the amount in controversy on each claim exceeds $75,000.00, exclusive of interests and costs.

Plaintiffs will prove that venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the event at issue occurred in this district; and defendant ConAgra Foods, Inc. transacts business in the State of Connecticut.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

A. Claims of Plaintiffs

The plaintiffs, Emma Schmidt and Hallie Meyer claim that the defendant is a product seller, within the meaning of the Connecticut Product Liability Act, C.G.S. Sec. 52-572n, et seq., and that it is liable to the plaintiffs pursuant to the Act. More specifically, the plaintiffs claim that the defendant manufactured and/or sold a defective product, PAM cooking spray; that the canister of PAM over-pressurized and burst; sprayed flames onto the plaintiffs and ignited a fire in the kitchen of the home in which they were cooking. Plaintiff, Associated Indemnity Corporation is the property insurance carrier for the Meyer family and made payments to Aubrey and Daniel Meyer for the damages caused by the fire.

> B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:

Defendant denies that the PAM canister or cooking spray was in any way defective and denies any liability under the Connecticut Product Liability Act. It asserts that the product provided adequate warnings regarding the risks of use, that the risks were open and obvious to the user, that the plaintiffs assumed the risk when using the product, that the product was either misused or used in an unauthorized manner, and that the plaintiffs were negligent in failing to read and/or heed the warnings posted on the canister and failing to read and/or heed the instructions for use. Defendant also asserts that the cooking spray and canister in question complied with all applicable federal standards and regulations. A full listing of the Defendant's affirmative defenses may be found in its Answers to Plaintiffs' complaints.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: The Defendant is a corporation incorporated in the State of Delaware with a

{W2531463}

principal place of business in Omaha, Nebraska whose food products are sold in Connecticut. On May 12, 2013, a fire occurred at a home at 106 Shearer Road in Washington, Connecticut. The plaintiffs were inside that home at the time of the fire. The home was damaged as a result of the fire. There were canisters of PAM cooking spray found in the kitchen of that home after the fire.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

### B. Scheduling Conferences with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

### D. Joinder of Parties, Amendment of Pleadings and Pending Motions

1. Plaintiffs should be allowed until October 1, 2015 to file motions to join additional parties and until November 1, 2015 to file motions to amend the pleadings.

{W2531463}

2. Defendant should be allowed until December 1, 2015 to file motions to join additional parties and until 14 days after the filing of an amended pleading by the plaintiff to file an amended answer in compliance with Fed. R. Civ. P. 15(a)(3)..

E. **Discovery**

a. At least one of the parties anticipates that discovery will be sought on the following subjects:

1. The Defendant's relationship to the design, labeling, manufacture, filling or sale of PAM Cooking Spray.

2. If the Defendant was not involved in the design, labeling, manufacture, filling or sale of PAM Cooking Spray, the identity of the entities who were involved in those activities

3. The facts and circumstances leading up to the fire which occurred on May 13, 2013.

4. The cause and contributing factors to the fire which occurred on May 13, 2013.

5. The manner in which the PAM Cooking Spray was being used on May 13, 2013.

6. The design of the PAM canisters and the labels on the canisters involved in the fire, including any changes to the design of the canisters and the reasons for any changes.

7. The ingredients of the PAM cooking spray located in the Meyer kitchen.

8. The involvement of the PAM canisters in the fire.

9. The Defendant's knowledge of other similar incidents involving PAM Cooking Spray.

10. The nature and extent of the plaintiff, Emma Schmidt's injuries.

11. The nature and extent of the plaintiff, Hallie Meyer's injuries.

12. The extent of the damage to the home in which the fire occurred.

    b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by June 1, 2015 and completed (not propounded) by June 1, 2017.

    c. Discovery will not be conducted in phases except as indicated by the parties' disclosure of experts as stated in subsection (E)(g) and (E)(h).

    d. Discovery on _____ will be completed by [date]. See parts b and c, above.

    e. The parties anticipate that the plaintiff(s) will require a total of 15-20 depositions of fact witnesses and that the defendant(s) will require a total of 15-20 depositions of fact witnesses. The depositions will commence by June 1, 2015 and be completed by June 1, 2017.

    f. The parties will request permission to serve more than 25 interrogatories.

    g. Plaintiff/s intend to call expert witnesses at trial. Plaintiff/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2016. Depositions of any such experts will be completed by

July 1, 2016. At the time of disclosure, Plaintiffs' counsel will provide three alternative dates for each expert's deposition.

      h.      Defendant/s intend to call expert witnesses at trial. Defendant/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2016. Depositions of such experts will be completed by February 15, 2017. At the time of disclosure, Defendant's counsel will provide three alternative dates for each expert's deposition

      i.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2016.

      j.      Discussions concerning discovery of electronically stored information ("ESI") have begun and the parties agree that the process of production of ESI is not relevant at this time. The parties will agree on a complete procedure to govern the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information if and when it is determined that discovery of ESI will be an issue in this case.

k.  The undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties have agreed to the following discovery procedures for the minimization of the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production:

- any privileged information that is inadvertently disclosed by a party shall be promptly returned to the disclosing party or formally segregated from the other discovery documents and cannot be used by the recipient for any purpose, pending further order of the Court; and

- any party may file a motion with the Court to determine whether privileged information which is inadvertently disclosed may be used by the recipient or should be returned or destroyed. Any party may also file a motion with the Court for a protective or confidentiality order.

- the parties will agree upon and submit to the Court for its approval and order a mutually agreed upon protective order to protect trade secret information and confidential/proprietary business and other sensitive information from improper and/or inadvertent use and/or disclosure.

F.  **Dispositive Motions**

Dispositive motions will be filed on or before May 1, 2017.

G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 2, 2017.

{W2531463}

## VI. TRIAL READINESS

The case will be ready for trial by September 1, 2017.

As officers of the Court, the undersigned counsels agree to cooperate with opposing counsel and the Court to promote the just, speedy and inexpensive determination of this action.

{W2531463}

PLAINTIFFS,  
EMMA SCHMIDT AND  
HALLIE MEYER

By: /s/ Kathleen L. Nastri
Kathleen L. Nastri
Federal Bar No.: ct01704
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: 203-336-4421
Facsimile: 203-368-3244
KNastri@koskoff.com

DEFENDANT,
CONAGRA FOODS, INC.

By: /s/ Kristin Connors
Kristin Connors, Esq.
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721
Telephone: 203-573-1200
Facsimile: 203-575-2600
kconnors@carmodylaw.com

PLAINTIFF,
ASSOCIATED INDEMNITY CORPORATION
A/S/O DANIEL AND AUBREY MEYER


By
Mark E. Opalisky, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: 215.665.2729
Fax: 215.701.2724

mopalisky@cozen.com

{W2531463}

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/Kathleen L. Nastri