# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC** | : | |
| **Defendant** | : | **MAY 5, 2016** |

<u>**AFFIDAVIT OF ATTEMPT TO RESOLVE DIFFERENCES**</u>

Pursuant to F.R.C.P. Rule 37, the undersigned files this affidavit with the court stating that:

1. I am over the age of 18 and believe in the sanctity of an oath;

2. I make this affidavit upon my own personal knowledge, information and belief;

3. I am counsel for the plaintiffs in the above entitled matter;

4. On July 31, 2015, Plaintiffs filed their First Set of Interrogatories and Requests for Production with Defendant.

5. On August 14, 2015, Plaintiffs filed their Requests for Admission with Defendant.

6. On September 29, 2015, Defendant filed its objections to Plaintiffs' First Set of Interrogatories and Requests for Production and its objections and responses to Plaintiffs' Requests for Admission, <u>See</u> Exhibit 1.

7. On October 20, 2015, plaintiffs' counsel, Kathleen Nastri, contacted defense counsel, Kristen Connors, via email to schedule a Rule 37 conference call in a good faith attempt to resolve the aforementioned objections to discovery.

8. The Rule 37 conference call between parties was completed on November 16, 2015.

9. During that call, Plaintiffs' counsel agreed with defense counsel to substantially revise their initial discovery requests, with the understanding that Defendant would then answer most, if not all, of the discovery.

10. On December 23, 2015, Plaintiffs filed Plaintiffs' Revised Set of Interrogatories and Requests for Production and Plaintiffs' Revised Requests for Admission.

11. On January 21, 2016, Defendant filed its objections and responses to Plaintiffs'
Revised Set of Interrogatories and Requests for Production and Plaintiffs' Revised
Requests for Admission with Defendant, ConAgra, Inc. In addition to "General
Objections" to all interrogatories, Defendant posed specific objections to 22
interrogatories and 10 requests for production, See Exhibit 2.

12. On January 21, 2016, plaintiffs' counsel, Kathleen Nastri, contacted defense counsel,
Kristen Connors, via email that Plaintiffs' would be seeking resolution with the court
to which defense counsel responded that, "We ask that you wait to see the responses
and document production before seeking to argue the objections.  ConAgra intends to
produce documents and answer most if not all of the requests for admission and
interrogatories over the objections.  While in many instances ConAgra is not able to
agree with the wording of the various requests, for the most part we believe that we
have an understanding of what is sought and intend to provide it.  There may be a just
a few items that will need to be brought to the court's attention, but I expect the
responses and document production to alleviate most, if not all, of your concerns",
See Exhibit 3.

13. On April 6, 2016, Defendant filed its Objections and Responses to Plaintiffs' Revised
Set of Interrogatories and Requests for Production and Plaintiffs' Revised Requests
for Admission, See Exhibit 4.

14. On April 21, 2016, plaintiffs' counsel, Kathleen Nastri, responded to Defendant's
Objections and Responses to Plaintiffs' Revised Set of Interrogatories and Requests
for Production and Plaintiffs' Revised Requests for Admission via letter dated April
21, 2016 stating that a motion would be filed with the court in 10 days if said
objections were not resolved, See Exhibit 5.

15. Defense has not responded to the April 21, 2015 letter and despite repeated efforts to
resolve differences, the parties have not been able to do so.

KATHLEEN NASTRI

STATE OF CONNECTICUT    )    ss.    Bridgeport
COUNTY OF FAIRFIELD     )

Personally appeared, KATHLEEN NASTRI, Signer and Sealer of the foregoing and
acknowledged the same to be her free act and deed, before me,

MARILYN WEY
Notary Public
My Commission Expires: 6/30/2018

Marilyn Wey
Notary Public-Connecticut
My Commission Expires
June 30, 2018

# <u>EXHIBIT 1</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC** | : | |
| **Defendant** | : | **SEPTEMBER 29, 2015** |

### OBJECTIONS TO PLAINTIFFS' FIRST SET OF
### INTERROGATORIES AND PRODUCTION REQUESTS

### PRELIMINARY STATEMENT

Defendant ConAgra Foods, Inc. ("ConAgra") has not yet completed its investigation of the facts relating to this action, has not completed discovery and has not completed its preparation for trial. Thus, ConAgra reserves the right to amend or supplement its responses to these interrogatories and request for production if and when additional information is obtained. These responses are made without a waiver of, and with preservation of:

      1.     All questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceedings in this action or in any other action;

      2.     The right to use of any such responses, or the subject matter thereof, on any ground in any further proceedings of this action or in any other action;

      3.     The right at any time to revise, amend, correct, supplement, or clarify any of the responses contained herein; and

      4.     The right to assert additional privileges if warranted by new documents or information discovered at a later date.

1

## GENERAL OBJECTIONS

The following Objections shall be deemed incorporated into the objections and responses to each and every Interrogatory and Request for Production (hereinafter collectively "Discovery Request(s)"):

1.      ConAgra objects to the Discovery Requests to the extent they are premature and unfairly prejudicial. Because all the information and documents that are possibly within the scope of the Discovery Requests may not yet have been located and identified, ConAgra's response to the Discovery Requests are based upon information available and reviewed to date. ConAgra reserves the right to subsequently assert additional objections to the Discovery Requests and to modify and supplement its responses, in whole or in part, without prejudice.

2.      ConAgra objects to the Discovery Requests to the extent they seek information that is protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, the settlement/mediation privilege, the joint defense or common interest doctrines, or by any other applicable privilege(s) or immunity. ConAgra intends to and hereby does invoke these privileges and immunities with respect to all protected information. Should ConAgra provide any privileged or protected information in responding to the Discovery Requests, unless stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such information, or of ConAgra's right to object to the use of such information.

3.      ConAgra objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, and unlimited in time and scope.

4.      ConAgra objects to the Discovery Requests to the extent that they call upon ConAgra to investigate, collect, and disclose information and/or documents and things which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      ConAgra objects to the Discovery Requests to the extent that they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if requested and not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

6.      ConAgra objects to the Discovery Requests to the extent the information sought is a matter of public record, is publicly available or equally available to the propounding party, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. The parties bear an equal burden in discovery.

7.      ConAgra objects to the Discovery Requests to the extent that they seek information concerning ConAgra products not relevant to this litigation.

{W2590698}                                    2

8.      ConAgra objects to the Discovery Requests to the extent that they purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of the court.

9.      ConAgra objects to the Discovery Requests to the extent that Plaintiff seeks to require ConAgra to provide information beyond what is reasonably available to ConAgra at present after a reasonable search of ConAgra's files and reasonable inquiry of ConAgra's present employees. Likewise, ConAgra objects to any Discovery Requests that seeks to impose a duty on ConAgra to create analyses that ConAgra does not create or maintain in the ordinary course of business. In responding to the Discovery Requests, ConAgra conducted a diligent search, reasonable in scope, of those documents or information responsive to the Discovery Requests and solicited information from those individuals employed or otherwise affiliated with ConAgra believed to be most likely to have information responsive to the Discovery Requests. ConAgra has not, however, undertaken to search or review all of the files and records in ConAgra's possession, custody, or control, nor has ConAgra solicited information from every individual employed by or otherwise affiliated with ConAgra, because to do so would be unduly burdensome and expensive. In the event, therefore, that additional information, documents, records, or files responsive to any of the Discovery Requests are subsequently identified or brought to ConAgra's attention, ConAgra reserves the right to amend or supplement its responses.

10.     In responding to the Discovery Requests, ConAgra does not concede that any Discovery Request to which it responds is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. ConAgra expressly reserves both the right to object to further discovery into the subject matter of these Discovery Requests and the right to object to the introduction into evidence of responses to these Discovery Requests.  ConAgra also reserves the right to object to any effort to compel responses beyond those provided herein.  ConAgra also reserves the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided in the documents identified and/or produced in response to these Discovery Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

11.     These Objections apply to all of ConAgra's responses.  To the extent that Objections are repeated in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Discovery Requests and are not to be construed as a waiver of any other Objection applicable to information falling within the scope of the Discovery Requests.

12.     The following responses reflect ConAgra's present knowledge, information, and belief, and may be subject to change or modification based on ConAgra's further discovery or on facts or circumstances that may come to ConAgra's knowledge.  ConAgra will supplement its responses as required under the Federal Rules of Civil Procedure.

13.     ConAgra objects to the Discovery Requests in that they are all vague and ambiguous Plaintiffs failed to provide a lot, batch or serial number for the PAM Cooking Spray canister at issue.

14.     ConAgra objects to the Discovery Requests as generally vague and ambiguous. Each interrogatory necessarily requires interpretation by ConAgra. ConAgra's interpretation of the interrogatory, in some or in all cases, may be different from what was intended by the plaintiffs.

15.     ConAgra objects to these Discovery Requests to the extent that they are premature, call for a legal conclusion, or seek information or documents containing legal opinions, mental impressions, or theories of counsel.

## OBJECTIONS TO INTERROGATORIES

1.      Please state the name and address of the person(s) preparing the answers to these

interrogatories and identify any person(s) aiding in the preparation.

**OBJECTION:**

> ConAgra objects to this interrogatory in that it seeks the disclosure of information
> protected by the attorney-client privilege and work product doctrine.

2.      Give the name and addresses of persons known to the Defendant or counsel to be
witnesses concerning the facts of the case, indicate whether or not written or recorded statements
have been taken from the witnesses, and indicate who has possession of such statements.

**OBJECTION:**

> ConAgra objects to this interrogatory as overly broad, vague and ambiguous as to what
> constitutes the "facts" of this case. ConAgra further objects to this interrogatory insofar
> as it requests information protected by the attorney/client privilege, attorney work
> product protection or any other similar privilege and/or protection.  ConAgra further
> objects to this interrogatory in that it seeks information that is equally available to, or in
> the possession of, the plaintiffs.

3.      For each person known to the parties or counsel to be a witness concerning the
facts of this case, set forth either a summary sufficient to inform the other party of the important
facts known to or observed by such witness, or provide a copy of any written or recorded
statements taken from such witnesses.

**OBJECTION:**

> ConAgra objects to this interrogatory in that it is overly broad and unduly burdensome.
> ConAgra further objects to this interrogatory as overly broad, vague and ambiguous as to
> what constitutes the "facts" of this case. ConAgra further objects to this interrogatory
> insofar as it requests information protected by the attorney/client privilege, attorney work
> product protection or any other similar privilege and/or protection.  ConAgra further
> objects to this interrogatory in that it seeks information that is equally available to, or in
> the possession of, the plaintiffs.

4.      Set forth a list of photographs, sketches or other prepared documents in possession of the Defendant that relates to the claim or the defense in this case.

**OBJECTION:**

>   ConAgra objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to admissible evidence. ConAgra further objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

5.      Does this Defendant have a liability insurance company or carrier that protects it against any portion of the incident or occurrence which is stated in the complaint?  If so, provide the names of all insurance carriers including any excess or umbrella carriers and the liability limits of such policies.

**OBJECTION:**

>   ConAgra objects to this request in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.    State whether this Defendant or any of its agents, servants, employees or other representatives have made any visits to the scene of the incident made the basis of this lawsuit at any time after the subject incident. If so, please state for each such visit:

a. The date of the visit;

b. The name, address and job title of the person(s) who made such visit;

c. Attach true and complete copies of any and all written or printed documentation whatsoever which relate to such visit.

**OBJECTION:**

ConAgra objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection. ConAgra further objects to this interrogatory in that the information it seeks that is not protected by a privilege or the work product doctrine is equally available to the plaintiffs.

7. Has this Defendant ever been sued for products liability pertaining to an explosion, venting canister or fires caused by PAM canisters? If so, state when and where such suit was filed.

**OBJECTION:**

ConAgra objects to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. ConAgra further objects to this interrogatory to the extent it presumes facts which have not been established.

8.    State the name, address and job title of the corporation, person(s) and/or employee(s) of this Defendant who are most knowledgeable with regard to the design and manufacture of the PAM canister involved in the incident which is the subject of this lawsuit.

**OBJECTION:**

ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its use of the term "most knowledgeable" and the phrase "the PAM canister involved in the incident," because, *inter alia*, there were several containers of PAM present in the plaintiffs' kitchen. ConAgra further objects to this request in that it assumes facts that have not been established.

{W2590698}                                7

9. Please state the name, address and title of each and every individual and/or engineer who was responsible for the design, evaluation and testing and safety analysis of PAM canister involved in this incident or any similar canister and/or any predecessor designs of canisters for PAM.

**OBJECTION:**

> ConAgra objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. ConAgra further objects to this interrogatory in that it is vague and ambiguous with regard to its reference to whom was "responsible," the term "PAM canister," and the phrases "the design, evaluation and testing and safety analysis of PAM canister involved in this incident," and "or any similar canister and/or any predecessor designs of canisters for PAM." ConAgra further objects to this interrogatory to the extent it seeks information that is not within ConAgra's possession, custody, or control.

10.     Please describe all testing and/or research did ConAgra perform to ensure that the DOT-2Q vented container would be suitable and safe for PAM, including the persons who performed this research/testing. If some other person or entity other than ConAgra performed such research/testing, please identify that person/entity.

**OBJECTION:**

> ConAgra objects to this interrogatory in that its reference to "the DOT-2Q vented container" is vague and ambiguous because it does not identify a particular container. ConAgra further objects to this interrogatory in that the phrase "suitable and safe" is vague and ambiguous. ConAgra further objects to this interrogatory because it is overly broad and unduly burdensome in that there are more efficient means of obtaining the information sought such as witness testimony and/or document production. ConAgra further objects to this interrogatory to the extent it seeks information that is equally available to the plaintiffs. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

11.     If the defendant claims that the DOT-2Q vented container is safe and suitable for PAM and consumers, please state the scientific basis for that determination.

**OBJECTION:**

> ConAgra objects to this interrogatory in that its reference to "the DOT-2Q vented container" (which does not identify a particular container), the term "scientific basis," and the phrase "safe and suitable" are vague and ambiguous. ConAgra further objects to this interrogatory because it is overly broad and unduly burdensome in that there are far more efficient means of obtaining the information sought such as witness testimony and document production. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

12. Please identify all internal standards ConAgra used to evaluate the safety of PAM canisters.

**OBJECTION:**

> ConAgra objects to this interrogatory in that it is vague and ambiguous in its use of the terms "internal standards" and "safety." ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

13.     Describe the process by which ConAgra selected the DOT-2Q vented container for PAM, including in your description whether ConAgra provided the manufacturer with specifications for the container, and information regarding the container contents.

**OBJECTION:**

> ConAgra objects to this interrogatory in that its reference to "the DOT-2Q vented container" is vague and ambiguous because it does not identify a particular container. ConAgra further objects to this interrogatory because it is overly broad and unduly burdensome in that there are far more efficient means of obtaining the information sought such as witness testimony and document production. ConAgra further objects to this

{W2590698}                                      9

interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

14. For each affirmative defense raised in ConAgra's Answer, please state the factual basis for the defense and identify all of the documents that support the defense and all persons who have knowledge of the facts underlying the defense.

**OBJECTION:**

ConAgra objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection. ConAgra further objects to this interrogatory as is overly broad and unduly burdensome in that the information sought may be discovered by much more efficient means such as deposition and/or document production. ConAgra further objects to this interrogatory in that it calls for a legal conclusion. ConAgra further objects to this interrogatory to the extent it seeks information that is in the possession of or equally available to the plaintiffs. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

15. State the name, address and job title of the corporation, person(s) and/or employee(s) of this Defendant who are most knowledgeable with regard to the incidence and/or frequency of exploding or venting PAM canisters.

**OBJECTION:**

ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its use of the terms "most knowledgeable," "incidence," and "frequency."

16.     Has any ConAgra employee or anyone associated with ConAgra ever performed any research and/or tests to determine the temperature at which a PAM canister will vent, burst, or explode? If so, identify said person and produce all records and results of the research and/or testing.

**OBJECTION:**

> ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its reference to "anyone associated with ConAgra," "any research and/or tests," "a PAM canister," and "the temperature." ConAgra further objects to this interrogatory in that it is overly broad and unduly burdensome. ConAgra further objects to this interrogatory to the extent it seeks information and documents that are not in ConAgra's possession, custody, or control. ConAgra further objects to this interrogatory to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

17.     Was ConAgra aware of any research/testing performed by other people which determined the temperature at which Pam will vent, burst, or explode? If so, identify and produce all records of such research/testing.

**OBJECTION:**

> ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its reference to "any research/testing," "Pam," and "the temperature." ConAgra further objects to this interrogatory in that it is overly broad and unduly burdensome. ConAgra further objects to this interrogatory to the extent it seeks information and documents that are not in ConAgra's possession, custody, or control. ConAgra further objects to this interrogatory to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

18. Please when [sic.], where and by whom the PAM canisters located in the kitchen of the Meyer home on May 13, 2013 were manufactured and filled with PAM.

**OBJECTION:**

ConAgra objects to this interrogatory as premature because it has not yet received lot, batch and serial numbers for the PAM cooking spray canisters located in the Meyer kitchen on May 13, 2013. ConAgra reserves the right to supplement its response to this interrogatory when it is provided with the aforementioned information. ConAgra further objects to this interrogatory because it assumes facts that have not been established.

19. Why did ConAgra decide to use the 2Q vented container over the DOT-E or 2Q non-vented container?

**OBJECTION:**

ConAgra objects to this interrogatory because it is vague and ambiguous in its reference to "the 2Q vented container," "the DOT-E . . . non-vented container," and "the 2Q non-vented container" as these terms do not identify particular containers. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

20.     In 2013, did ConAgra use different containers for different retail markets or geographic locations, including Canada and if so, why?

**OBJECTION:**

ConAgra objects to this interrogatory because it its reference to "containers" and "retail markets" is vague and ambiguous. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

21.     When did ConAgra begin manufacturing Pam in the DOT-2Q vented containers; and does it continue to do so

**OBJECTION:**

> ConAgra objects to this interrogatory because its reference to "the DOT-2Q vented containers" is vague and ambiguous because it does not identify a particular container.

22. If a DOT-2Q vented container vents, bursts or explodes below the DOT required minimum pressure, without any external force or abuse applied, do you agree that the container failed to meet DOT specifications? If no, please state the basis for disagreeing that the container failed to meet DOT specifications? [sic]

**OBJECTION:**

> ConAgra objects to this interrogatory because its references to "a DOT-2Q vented container," "the DOT required minimum pressure," "external force or abuse," and "DOT specifications" are vague and ambiguous because, *inter alia*, they do not identify a particular container, do not identify particular regulations (specifications), and use terminology not found in the DOT regulations. ConAgra further objects to this interrogatory as it is an improper factual scenario interrogatory calling for ConAgra to answer a hypothetical question not tied to the established facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).

23.     At what temperature would the contents of Pam exceed an equilibrium vapor pressure of 180-psig?

**OBJECTION:**

> ConAgra objects to this request because its references to "the contents of Pam" and "an equilibrium vapor pressure of 180-psig" are vague and ambiguous. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

24.     What is the exact DOT code that authorizes the use of the DOT-2Q vented container?

**OBJECTION:**

> ConAgra objects to this interrogatory because its references to "DOT code" and "the
> DOT-2Q vented container" are vague and ambiguous.  ConAgra further objects to this
> interrogatory in that it does not make sense, because Department of Transportation
> Regulations do not provide authorizations.

25.     Describe any testing and/or research that was done with respect to any "human factors"
involved in the foreseeable use and/or misuse of Pam.

**OBJECTION:**

> ConAgra objects to this interrogatory because its references to "any testing and/or
> research," "human factors," and "misuse of Pam" are vague and ambiguous.  ConAgra
> further objects to this interrogatory in that it is overly broad, unduly burdensome, and
> seeks information that is not reasonably calculated to lead to the discovery of admissible
> evidence.  ConAgra further objects to this interrogatory to the extent it seeks disclosure
> of information not within ConAgra's possession, custody, or control.  ConAgra further
> objects to this request to the extent it seeks information protected by the attorney-client,
> work product, or any other privilege or protection.  ConAgra further objects to this
> interrogatory to the extent it seeks trade secrets or other confidential or proprietary
> research, development, commercial, or business information.  ConAgra will produce such
> information, if not otherwise objectionable, only pursuant to the restrictions of a
> Protective Order entered by the Court.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. All statements, whether written, recorded or stored in some other fashion, of persons listed in response to interrogatories 2 and 3.

**OBJECTION:**

      ConAgra incorporates its objections to interrogatories number 2 and 3 as if fully set forth herein.


2. All photographs, sketches or other prepared documents listed in response to interrogatory 4.

**OBJECTION:**

      ConAgra incorporates its objections to interrogatory number 4 as if fully set forth herein.


3. A copy of all declarations pages for insurance policies listed in response to interrogatory 5.

**OBJECTION:**

      ConAgra incorporates its objections to interrogatory number 5 as if fully set forth herein.


4. Documentation relating to site visits listed in response to interrogatory 6.

**OBJECTION:**

      ConAgra incorporates its objections to interrogatory number 6 as if fully set forth herein.

5. Documents reflecting testing and test results described in response to interrogatories 10 and 11.

**OBJECTION:**

ConAgra incorporates its objections to interrogatories number 10 and 11 as if fully set forth herein.

6. All communications between ConAgra and the manufacturer of the canister reflecting specifications for the container, and information regarding the container contents.

**OBJECTION:**

ConAgra objects to this request in that the terms "the canister" and "the container" are vague and ambiguous. ConAgra further objects to this request in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. ConAgra further objects to this request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

7. ConAgra internal standards regarding PAM and PAM canisters as referred to in interrogatory 12.

**OBJECTION:**

ConAgra incorporates its objections to interrogatory number 12 as if fully set forth herein.

8. All documents referred to in response to interrogatory 14.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatory number 14 as if fully set forth herein.

9. All documents regarding research/testing referred to in response to interrogatory 16 and 17.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatories number 16 and 17 as if fully set forth herein.

10. All documents regarding research/testing regarding human factors issues involved in the use/misuse of PAM.

**OBJECTION:**

> ConAgra objects to this interrogatory because its references to "research/testing," "human factors," and "misuse of Pam" are vague and ambiguous. ConAgra further objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. ConAgra further objects to this interrogatory to the extent it seeks disclosure of information not within ConAgra's possession, custody, or control. ConAgra further objects to this request to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection.

Respectfully Submitted,

THE DEFENDANT,
CONAGRA FOODS, INC.


By:_____

    Kristin Connors (ct12394)
    Todd R. Michaelis (ct28821)
    Carmody Torrance Sandak & Hennessey LLP
    50 Leavenworth Street
    P.O. Box 1110
    Waterbury, Connecticut 06721
    Telephone: (203) 573-1200
    Facsimile: (203) 575-2600
    kconnors@carmodylaw.com
    tmichaelis@carmodylaw.com


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served via e-mail on the

above date to:

Kathleen L. Nastri, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
knastri@koskoff.com


_____
Kristin Connors

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC.** | : | |
| **Defendant** | : | **SEPTEMBER 29, 2015** |

### DEFENDANT CONAGRA FOODS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION

1. Under 49 CFR Sec. 173.306 and 49 CFR Sec. 178.33a, the DOT regulates the specifications of the PAM container and the pressure of the contents therein.

**OBJECTION:**

    ConAgra objects to this request in that its reference to "the PAM container" is vague and ambiguous.  ConAgra further objects to this request in that it is vague and ambiguous because Plaintiffs fail to specify when, where, and under what circumstances they allege the DOT regulations apply.

2. In 2014, PAM was packaged and sold to consumers in both DOT-2Q vented and DOT-2Q non-vented containers.

**OBJECTION:**

    ConAgra objects to this request in that its reference to "DOT-2Q vented and DOT-2Q non-vented containers" is vague and ambiguous as these descriptions do not identify particular containers or PAM products, of which there are many.

3. Per DOT Regulations, the maximum 130°F equilibrium vapor pressure of the contents in the PAM DOT-2Q container must not exceed 180-psig.

**OBJECTION:**

ConAgra objects to this request in that its reference to "DOT Regulations," and "the PAM DOT-2Q container" are vague and ambiguous because the request does not identify the "DOT Regulations" to which it refers and "the PAM DOT-2Q container" does not identify a particular container.

4. Per DOT specifications, the minimum deformation pressure of the PAM DOT-2Q container at issue must be no less than 180-psig.

**OBJECTION:**

ConAgra objects to this request in that its references to "DOT specifications," and "minimum deformation pressure" are vague and ambiguous in that the request does not cite the DOT regulations (specifications) to which it refers and the term "minimum deformation pressure" is not used in the DOT regulations. ConAgra further objects to this request in that its reference to "the PAM DOT-2Q container at issue" is vague and ambiguous as the request does not identify a particular container.

5. In the absence of any external forces, a PAM canister that deforms or vents below a pressure of 180-psig does not meet DOT specifications.

**OBJECTION:**

ConAgra objects to this request in that its reference to "DOT specifications" is vague and ambiguous in that the request does not cite the DOT regulations (specifications) to which it refers. ConAgra further objects to this request in that its references to "the absence of any external forces" and "deforms" are vague and ambiguous in that it does not define what an "external force" is and does not state whether the deformation is permanent or temporary. ConAgra further objects to this request in that it is vague and ambiguous because Plaintiffs fail to specify when, where, and under what circumstances they allege the DOT specifications apply. ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).

6. Unintentional heating of a PAM canister during its intended or foreseeable use could result in the product venting.

**OBJECTION:**

ConAgra objects to this request in that it is vague and ambiguous in its use of the phrase "unintentional heating." ConAgra further objects to this request to the extent it assumes facts that have not been established with regard to what the "intended or foreseeable" use of a PAM canister is. ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).

7. In the event a PAM canister vents due to overheating, serious bodily injury and/or property damage can result.

**OBJECTION:**

ConAgra objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989). ConAgra further objects to this request as it is an incomplete hypothetical.

8. There are no signs of pre-venting physical abuse or external force to the canisters of PAM involved in the fire which is the subject of this lawsuit.

**OBJECTION:**

ConAgra objects to this request in that its reference to "pre-venting physical abuse or external force" is vague and ambiguous in that it does not define what acts would fall within the scope of these terms.

9. ConAgra is one of America's largest food companies.

**RESPONSE:**

ConAgra states that it is one of North America's largest food companies.

10. In May 2014, ConAgra was in the business selling various food brands, including PAM cooking spray.

**OBJECTION:**

ConAgra objects to this request in that its use of the phrase "various food brands" is vague and ambiguous.

11. In May 2014, with respect to PAM cooking spray, the defendant ConAgra, was a product seller within the meaning of C.G.S. § 52-572m.

**RESPONSE:**

Admitted.

12. Defendant ConAgra sold the PAM cooking spray, present at the time of the fire at issue, for use by consumers in residential kitchens.

**OBJECTION:**

ConAgra objects to this request in that it is vague and ambiguous with regard to its reference to "the PAM cooking spray" because there were several containers of PAM present in the plaintiffs' kitchen. ConAgra further objects to this request in that it assumes facts that have not been established.

13. Defendant ConAgra expected that the PAM cooking spray, present at the time of the fire at issue, would be used in residential kitchens.

**OBJECTION:**

ConAgra objects to this request in that it is vague and ambiguous with regard to its reference to "the PAM cooking spray" because there were several containers of PAM present in the plaintiffs' kitchen. ConAgra further objects to this request in that it assumes facts that have not been established.

14. A canister of PAM, present at the time of the fire at issue, over-pressurized and vented, spraying its flaming contents onto Emma Schmidt and Hallie Meyer, and igniting a fire at the Meyer residence.

**RESPONSE:**

   Denied.

        Respectfully Submitted,

        THE DEFENDANT,
        CONAGRA FOODS, INC.

       By:           
        Kristin Connors (ct12394)
        Todd R. Michaelis (ct28821)
        Carmody Torrance Sandak & Hennessey LLP
        50 Leavenworth Street
        P.O. Box 1110
        Waterbury, Connecticut 06721
        Telephone: (203) 573-1200
        Facsimile: (203) 575-2600
        kconnors@carmodylaw.com
        tmichaelis@carmodylaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served via e-mail on the

above date to:

Kathleen L. Nastri, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
knastri@koskoff.com


_____
Kristin Connors

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC** | : | |
| **Defendant** | : | **JANUARY 21, 2016** |

## OBJECTIONS TO PLAINTIFFS' REVISED FIRST SET OF INTERROGATORIES AND PRODUCTION REQUESTS

## PRELIMINARY STATEMENT

Defendant ConAgra Foods, Inc. ("ConAgra") has not yet completed its investigation of the facts relating to this action, has not completed discovery and has not completed its preparation for trial. Thus, ConAgra reserves the right to amend or supplement its responses to these interrogatories and request for production if and when additional information is obtained. These responses are made without a waiver of, and with preservation of:

1.      All questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and subject matter thereof as evidence for any purpose in any further proceedings in this action or in any other action;

2.      The right to use of any such responses, or the subject matter thereof, on any ground in any further proceedings of this action or in any other action;

3.      The right at any time to revise, amend, correct, supplement, or clarify any of the responses contained herein; and

4.      The right to assert additional privileges if warranted by new documents or information discovered at a later date.

# GENERAL OBJECTIONS

The following Objections shall be deemed incorporated into the objections and responses to each and every Interrogatory and Request for Production (hereinafter collectively "Discovery Request(s)"):

1.      ConAgra objects to the Discovery Requests to the extent they are premature and unfairly prejudicial. Because all the information and documents that are possibly within the scope of the Discovery Requests may not yet have been located and identified, ConAgra's response to the Discovery Requests are based upon information available and reviewed to date. ConAgra reserves the right to subsequently assert additional objections to the Discovery Requests and to modify and supplement its responses, in whole or in part, without prejudice.

2.      ConAgra objects to the Discovery Requests to the extent they seek information that is protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, the settlement/mediation privilege, the joint defense or common interest doctrines, or by any other applicable privilege(s) or immunity.  ConAgra intends to and hereby does invoke these privileges and immunities with respect to all protected information.  Should ConAgra provide any privileged or protected information in responding to the Discovery Requests, unless stated otherwise, such disclosure is inadvertent and shall not constitute a waiver of any applicable privilege or immunity or of any other ground for objecting to discovery with respect to such information, or of ConAgra's right to object to the use of such information.

3.      ConAgra objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, and unlimited in time and scope.

4.      ConAgra objects to the Discovery Requests to the extent that they call upon ConAgra to investigate, collect, and disclose information and/or documents and things which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.       ConAgra objects to the Discovery Requests to the extent that they seek trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if requested and not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

6.      ConAgra objects to the Discovery Requests to the extent the information sought is a matter of public record, is publicly available or equally available to the propounding party, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  The parties bear an equal burden in discovery.

7.      ConAgra objects to the Discovery Requests to the extent that they seek information concerning ConAgra products not relevant to this litigation.

8.      ConAgra objects to the Discovery Requests to the extent that they purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of the court.

9.      ConAgra objects to the Discovery Requests to the extent that Plaintiff seeks to require ConAgra to provide information beyond what is reasonably available to ConAgra at present after a reasonable search of ConAgra's files and reasonable inquiry of ConAgra's present employees. Likewise, ConAgra objects to any Discovery Requests that seeks to impose a duty on ConAgra to create analyses that ConAgra does not create or maintain in the ordinary course of business. In responding to the Discovery Requests, ConAgra conducted a diligent search, reasonable in scope, of those documents or information responsive to the Discovery Requests and solicited information from those individuals employed or otherwise affiliated with ConAgra believed to be most likely to have information responsive to the Discovery Requests. ConAgra has not, however, undertaken to search or review all of the files and records in ConAgra's possession, custody, or control, nor has ConAgra solicited information from every individual employed by or otherwise affiliated with ConAgra, because to do so would be unduly burdensome and expensive. In the event, therefore, that additional information, documents, records, or files responsive to any of the Discovery Requests are subsequently identified or brought to ConAgra's attention, ConAgra reserves the right to amend or supplement its responses.

10.      In responding to the Discovery Requests, ConAgra does not concede that any Discovery Request to which it responds is relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. ConAgra expressly reserves both the right to object to further discovery into the subject matter of these Discovery Requests and the right to object to the introduction into evidence of responses to these Discovery Requests.  ConAgra also reserves the right to object to any effort to compel responses beyond those provided herein.  ConAgra also reserves the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided in the documents identified and/or produced in response to these Discovery Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

11.      These Objections apply to all of ConAgra's responses.  To the extent that Objections are repeated in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Discovery Requests and are not to be construed as a waiver of any other Objection applicable to information falling within the scope of the Discovery Requests.

12.      The following responses reflect ConAgra's present knowledge, information, and belief, and may be subject to change or modification based on ConAgra's further discovery or on facts or circumstances that may come to ConAgra's knowledge.  ConAgra will supplement its responses as required under the Federal Rules of Civil Procedure.

13.     ConAgra objects to the Discovery Requests in that they are all vague and ambiguous Plaintiffs failed to provide a lot, batch or serial number for the PAM Cooking Spray canister at issue.

14.     ConAgra objects to the Discovery Requests as generally vague and ambiguous. Each interrogatory necessarily requires interpretation by ConAgra. ConAgra's interpretation of the interrogatory, in some or in all cases, may be different from what was intended by the plaintiffs.

15.     ConAgra objects to these Discovery Requests to the extent that they are premature, call for a legal conclusion, or seek information or documents containing legal opinions, mental impressions, or theories of counsel.

## DEFINED TERM

In accordance with discussions between the parties to narrow and clarify these requests, the PAM canister that is the subject of these interrogatories, and as referenced in the objections and responses as the "PAM Canister," is seen in Fire Marshal photo #75, and is attached hereto as Exhibit A.  In addition, the following identifying marks are contained on the canister:

**???1227100L614:38**
**Best by J?n 20 2014**

## <u>OBJECTIONS TO INTERROGATORIES</u>

1.       In accordance with FRCP26(a)(1)(i), provide the name, and if known the address

and telephone number of each individual likely to have discoverable information – along with

the subjects of that information – that the defendant may use to support its claims or defenses,

unless the use would be solely for impeachment.

**OBJECTION:**

> ConAgra objects to this interrogatory to the extent it seeks the disclosure of information
> protected by the attorney-client privilege and work product doctrine.

2.       Give the name and addresses of persons known to the Defendant or counsel to be

witnesses concerning the facts of the case, indicate whether or not written or recorded statements

have been taken from the witnesses, and indicate who has possession of such statements.

**OBJECTION:**

> ConAgra objects to this interrogatory as overly broad, vague and ambiguous as to what
> constitutes the "facts" of this case. ConAgra further objects to this interrogatory insofar
> as it requests information protected by the attorney/client privilege, attorney work
> product protection or any other similar privilege and/or protection.  ConAgra further
> objects to this interrogatory in that it seeks information that is equally available to, or in
> the possession of, the plaintiffs.

3.      For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

**OBJECTION:**

ConAgra objects to this interrogatory in that it is overly broad and unduly burdensome. ConAgra further objects to this interrogatory as overly broad, vague and ambiguous as to what constitutes the "facts" of this case. ConAgra further objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection.  ConAgra further objects to this interrogatory in that it seeks information that is equally available to, or in the possession of, the plaintiffs.

4.      In accordance with FRCP 26(a)(1)(ii), provide a description by category and location – of all documents, electronically stored information and tangible things that the defendant has in its possession, custody, or control and may use to support its claims or defenses unless the use would be solely for impeachment.

**OBJECTION:**

ConAgra objects to this interrogatory to the extent it seeks the disclosure of information protected by the attorney-client privilege and work product doctrine.

5.      Does this Defendant have a liability insurance company or carrier that protects it against any portion of the incident or occurrence which is stated in the complaint?  If so, provide the names of all insurance carriers including any excess or umbrella carriers and the liability limits of such policies.

**OBJECTION:**

ConAgra objects to this request in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.      State whether this Defendant or any of its agents, servants, employees or other representatives made any visits to the Meyer home at any time after the fire. If so, please state for each such visit:

a.      The date of the visit;

b.      The name, address and job title of the person(s) who made such visit;

c.      Attach true and complete copies of any and all written or printed documentation whatsoever which relate to such visit.

**OBJECTION:**

ConAgra objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection.  ConAgra further objects to this interrogatory in that the information it seeks that is not protected by a privilege or the work product doctrine is equally available to the plaintiffs.

7.     Has this Defendant ever been sued for products liability pertaining to an explosion, venting canister or fires caused by PAM canisters?  If so, state when and where such suit was filed.

**OBJECTION:**

ConAgra objects to this interrogatory on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. ConAgra further objects to this interrogatory to the extent it presumes facts which have not been established.

9.     Please state the name, address and title of each and every individual and/or engineer who was responsible for the design, evaluation, testing and safety analyses of the PAM canister identified in the Definitions and Notes, Part J, above.

**OBJECTION:**

ConAgra objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  ConAgra further objects to this interrogatory in that it is vague and ambiguous with regard to its reference to whom was "responsible" and the phrase "the design, evaluation, testing and safety analysis of the PAM canister."  ConAgra further objects to this interrogatory to the extent it seeks information that is not within ConAgra's possession, custody, or control.

10.     Please describe all testing and/or research ConAgra performed to ensure that the DOT-2Q vented container identified in the Definitions and Notes, Part J, above was reasonably safe for its intended purposes, including the persons who performed this research or testing. If some other person or entity other than ConAgra performed such research or testing, please identify that person/entity.

**OBJECTION:**

ConAgra objects to this interrogatory in that the phrase "reasonably safe for its intended purposes" is vague and ambiguous because plaintiffs do not specify what these "intended purposes" are.  ConAgra further objects to this interrogatory because it is overly broad and unduly burdensome in that there are more efficient means of obtaining the information sought such as witness testimony and/or document production.  ConAgra further objects to this interrogatory to the extent it seeks information that is equally available to the plaintiffs.  ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

11.     If the defendant claims that the DOT-2Q vented container identified in the Definitions and Notes, Part J, above,  was reasonably safe for its intended purposes, please state the basis for that determination.

**OBJECTION:**

ConAgra objects to this interrogatory in that the phrase "reasonably safe for its intended purposes" is vague and ambiguous because plaintiffs do not specify what these "intended purposes" are.  ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

12.     Please identify all internal standards ConAgra used to determine that PAM canister identified in the Definitions and Notes, Part J, above was reasonably safe for its intended purposes.

**OBJECTION:**

ConAgra objects to this interrogatory in that the phrase "reasonably safe for its intended purposes" is vague and ambiguous because plaintiffs do not specify what these "intended purposes" are. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

13.     Describe the process by which ConAgra selected the DOT-2Q vented container for PAM, identified in the Definitions and Notes, Part J, above, including in your description whether ConAgra provided the manufacturer with specifications for the container, and information regarding the container contents.

**OBJECTION:**

ConAgra objects to this interrogatory because it is overly broad and unduly burdensome in that there are far more efficient means of obtaining the information sought such as witness testimony and document production. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

14.     For each affirmative defense raised in ConAgra's Answer, listed below, please state the factual basis for the defense and identify all of the documents that support the defense and all persons who have knowledge of the facts underlying the defense.

**OBJECTION:**

ConAgra objects to this interrogatory insofar as it requests information protected by the attorney/client privilege, attorney work product protection or any other similar privilege and/or protection. ConAgra further objects to this interrogatory as is overly broad and unduly burdensome in that the information sought may be discovered by much more efficient means such as deposition and/or document production. ConAgra further objects to this interrogatory in that it calls for a legal conclusion. ConAgra further objects to this interrogatory to the extent it seeks information that is in the possession of or equally available to the plaintiffs. ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

15.     State the name, address and job title of the corporation, person(s) and/or employee(s) of this Defendant who are most knowledgeable with regard to any allegation of exploding or venting PAM canisters within the last five (5) years.

**OBJECTION:**

ConAgra objects to this interrogatory as it is overly broad and unduly burdensome in that it is not properly limited in scope.

16.     Has any ConAgra employee, or anyone retained by ConAgra, ever performed any research and/or tests to determine the temperature at which a PAM canister will vent, burst, or explode?   If so, identify that person and produce all records and results of the research and/or testing.

**OBJECTION:**

ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its reference to "anyone retained by ConAgra," "any research and/or tests," "a PAM canister," and "the temperature."  ConAgra further objects to this interrogatory in that it is overly broad and unduly burdensome.  ConAgra further objects to this interrogatory to the extent it seeks information and documents that are not in ConAgra's possession, custody, or control.  ConAgra further objects to this interrogatory to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection.  ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

17.     Was ConAgra aware of any research/testing performed by other individuals or entities which determine the temperature at which the DOT-2Q canister identified in the Definitions and Notes, Part J, above would burst, vent, or explode?  If so, identify and produce all records of such research or testing.

**OBJECTION:**

ConAgra objects to this interrogatory as it is vague and ambiguous with regard to its reference to "any research/testing" and "the temperature."  ConAgra further objects to this interrogatory in that it is overly broad and unduly burdensome.  ConAgra further objects to this interrogatory to the extent it seeks information and documents that are not in ConAgra's possession, custody, or control.  ConAgra further objects to this interrogatory to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection.  ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

19.      Why did ConAgra decide to use the 2Q vented container design identified in the

Definitions and Notes, Part J, above, over the DOT-E or 2Q non-vented container?

**OBJECTION:**

> ConAgra objects to this interrogatory because it is vague and ambiguous in its reference
> to "the DOT-E . . . non-vented container" "the 2Q non-vented container" as these terms
> do not identify particular containers.  ConAgra further objects to this interrogatory to the
> extent it seeks trade secrets or other confidential or proprietary research, development,
> commercial, or business information.  ConAgra will produce such information, if not
> otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by
> the Court.

20.      In 2013, did ConAgra use different PAM canisters for different retail markets or

geographic locations, including Canada and if so, why?

**OBJECTION:**

> ConAgra objects to this interrogatory because it its reference to "PAM canisters" and
> "retail markets" is vague and ambiguous.  ConAgra further objects to this interrogatory to
> the extent it seeks trade secrets or other confidential or proprietary research,
> development, commercial, or business information.  ConAgra will produce such
> information, if not otherwise objectionable, only pursuant to the restrictions of a
> Protective Order entered by the Court.

22. If the canister identified in the Definitions and Notes, Part J, above vented, burst or

exploded below the required minimum pressure set forth in 49 CFR Sec. 173.306, without any

external force or abuse applied, do you agree that the container failed to meet DOT

specifications?  If not, please state the basis for your answer.

**OBJECTION:**

> ConAgra objects to this interrogatory because the term "external force or abuse" is vague
> and ambiguous because, *inter alia*, it is not defined and not terminology used in the DOT
> regulations.  ConAgra further objects to this interrogatory as it is an improper factual

scenario interrogatory calling for ConAgra to answer a hypothetical question not tied to the established facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this interrogatory as it calls for speculation.

23.     At what temperature would the contents of the DOT-2Q vented container of Pam, identified in the Definitions and Notes, Part J, above, exceed an equilibrium vapor pressure of 180-psig, assuming the container was at or close to sea-level?

**OBJECTION:**

ConAgra objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

24.     What is the exact DOT code that authorizes the use of the DOT-2Q vented canister identified in the Definitions and Notes, Part J, above?

**OBJECTION:**

ConAgra objects to this interrogatory because its reference to "DOT code" is vague and ambiguous.  ConAgra further objects to this interrogatory in that it does not make sense, because Department of Transportation Regulations do not provide authorizations.

25.     Describe any testing and/or research that was done with respect to any "human factors" involved in the foreseeable use and/or misuse of Pam.

**OBJECTION:**

ConAgra objects to this interrogatory because its references to "any testing and/or research," "human factors," and "misuse of Pam" are vague and ambiguous.  ConAgra further objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  ConAgra further objects to this interrogatory to the extent it seeks disclosure of information not within ConAgra's possession, custody, or control.  ConAgra further objects to this request to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection.  ConAgra further objects to this interrogatory to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. All statements, whether written, recorded or stored in some other fashion, of persons listed in response to interrogatories 2 and 3.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatories number 2 and 3 as if fully set forth herein.

2. All photographs, sketches or other prepared documents listed in response to interrogatory 4.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatory number 4 as if fully set forth herein.

3. A copy of all declarations pages for insurance policies listed in response to interrogatory 5.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatory number 5 as if fully set forth herein.

4. Documentation relating to site visits listed in response to interrogatory 6.

**OBJECTION:**

> ConAgra incorporates its objections to interrogatory number 6 as if fully set forth herein.

5. Documents reflecting testing and test results described in response to interrogatories 10 and 11.

**OBJECTION:**

ConAgra incorporates its objections to interrogatories number 10 and 11 as if fully set forth herein.

6. All communications between ConAgra and the manufacturer of the canister reflecting specifications for the container, and information regarding the container contents.

**OBJECTION:**

ConAgra objects to this request in that the terms "the canister" and "the container" are vague and ambiguous.  ConAgra further objects to this request in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  ConAgra further objects to this request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information.  ConAgra will produce such information, if not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court.

7. ConAgra internal standards regarding PAM and PAM canisters as referred to in interrogatory 12.

**OBJECTION:**

ConAgra incorporates its objections to interrogatory number 12 as if fully set forth herein.

8. All documents referred to in response to interrogatory 14.

**OBJECTION:**

ConAgra incorporates its objections to interrogatory number 14 as if fully set forth herein.

9. All documents regarding research/testing referred to in response to interrogatory 16 and 17.

**OBJECTION:**

ConAgra incorporates its objections to interrogatories number 16 and 17 as if fully set forth herein.

10.     All documents regarding research/testing regarding human factors issues involved in the use/misuse of PAM.

**OBJECTION:**

ConAgra objects to this interrogatory because its references to "research/testing," "human factors," and "misuse of Pam" are vague and ambiguous.  ConAgra further objects to this interrogatory in that it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  ConAgra further objects to this interrogatory to the extent it seeks disclosure of information not within ConAgra's possession, custody, or control.  ConAgra further objects to this request to the extent it seeks information protected by the attorney-client, work product, or any other privilege or protection.

Respectfully Submitted,

THE DEFENDANT,
CONAGRA FOODS, INC.


By:        /s/ Todd R. Michaelis (ct28821)
        Kristin Connors (ct12394)
        Todd R. Michaelis (ct28821)
        Carmody Torrance Sandak & Hennessey LLP
        50 Leavenworth Street
        P.O. Box 1110
        Waterbury, Connecticut 06721
        Telephone: (203) 573-1200
        Facsimile: (203) 575-2600
        kconnors@carmodylaw.com
        tmichaelis@carmodylaw.com

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing has been served via e-mail on the above date to:

Kathleen L. Nastri, Esq.
J. Craig Smith
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
knastri@koskoff.com
csmith@koskoff.com

Stuart G. Blackburn
Derek E. Donnelly
Mark D. O'Hara
Law Office of Stuart G. Blackburn
2 Concorde Way #3C
P.O. Box 608
Windsor Locks, CT 06096
sgblackburn@sbcglobal.net
dd@blackburnohara.com
markohara@sbcglobal.net

Mark E. Opalisky
Cozen & O'Connor
The Atrium
1900 Market St., 3rd Fl.
Philadelphia, PA 19103-3527
mopalisky@cozen.com

                /s/ Todd R. Michaelis (ct28821)
                   Todd R. Michaelis

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC.** | : | |
| **Defendant** | : | **JANUARY 21, 2016** |

**<u>DEFENDANT CONAGRA FOODS, INC.'S OBJECTIONS TO
PLAINTIFFS' REVISED REQUESTS FOR ADMISSION</u>**

Preliminary Note:  In accordance with discussions between the parties to narrow and clarify these requests, the "PAM Canister" that is the subject of these Objections and Responses to Plaintiffs' Requests for Admission is seen in Fire Marshal photo #75, attached to Plaintiffs' Requests for Admission as Exhibit A, and bears the following identifying marks:

**????1227100L614:38**
**Best by J?n 20 2014**


2.	In 2013, PAM Original made with canola oil was packaged and sold to consumers in both DOT-2Q vented and DOT-2Q non-vented containers.

**OBJECTION:**

ConAgra objects to this request in that its reference to "DOT-2Q vented and DOT-2Q non-vented containers" is vague and ambiguous as these descriptions do not identify particular containers or PAM products, of which there are many.

1

3.      Per DOT Regulations, 49 CFR-Sec. 173.306, the maximum 130°F equilibrium vapor pressure of the contents in the PAM vented canisters in the Meyer home on the date of this incident must not exceed 180-psig.

**OBJECTION:**

ConAgra objects to this request in that its reference to "the PAM vented canisters" is vague and ambiguous because it does not identify a particular container.

5.      In the absence of any external forces, if the PAM canister that vented in this incident deformed or vented below a pressure of 180-psig, it did not meet DOT specifications contained in 49 CFR Sec. 173.306 and 49 CFR Sec. 178-33a.

**OBJECTION:**

ConAgra objects to this request in that its references to "the absence of any external forces" and "deformed" are vague and ambiguous in that it does not define what an "external force" is and does not state whether the deformation is permanent or temporary.  ConAgra further objects to this request in that it is vague and ambiguous because Plaintiffs fail to specify when, where, and under what circumstances they allege the DOT specifications apply.  ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations.  *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it calls for speculation.

6.      Heating of a PAM DOT-2Q canister during its intended or foreseeable uses could result in the product venting.

**OBJECTION:**

ConAgra objects to this request to the extent it assumes facts that have not been established with regard to what the "intended or foreseeable" use of a PAM canister is.  ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations.  *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it calls for speculation.

7.      In the event a PAM canister vents due to overheating, serious bodily injury and/or property damage can result.

**OBJECTION:**

ConAgra objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case.  *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it is an incomplete hypothetical.  ConAgra further objects to this request as it calls for speculation.

8.      There is no evidence of external force or damage to the PAM canister involved in this incident before it was vented.

**OBJECTION:**

ConAgra objects to this request in that its reference to "external force" is vague and ambiguous in that it does not define what would fall within the scope of this term.

10.     In May 2013, ConAgra was in the business selling various food brands, including PAM cooking spray.

**OBJECTION:**

ConAgra objects to this request in that its use of the phrase "various food brands" is vague and ambiguous.

Respectfully Submitted,

THE DEFENDANT,
CONAGRA FOODS, INC.


By:_____/s/ Todd R. Michaelis (ct28821)_____
    Kristin Connors (ct12394)
    Todd R. Michaelis (ct28821)
    Carmody Torrance Sandak & Hennessey LLP
    50 Leavenworth Street
    P.O. Box 1110
    Waterbury, Connecticut 06721
    Telephone: (203) 573-1200
    Facsimile: (203) 575-2600
    kconnors@carmodylaw.com
    tmichaelis@carmodylaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been served via e-mail on the

above date to:

Kathleen L. Nastri, Esq.
J. Craig Smith
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
knastri@koskoff.com
csmith@koskoff.com

Stuart G. Blackburn
Derek E. Donnelly
Mark D. O'Hara
Law Office of Stuart G. Blackburn
2 Concorde Way #3C
P.O. Box 608
Windsor Locks, CT 06096
sgblackburn@sbcglobal.net
dd@blackburnohara.com
markohara@sbcglobal.net

Mark E. Opalisky
Cozen & O'Connor
The Atrium
1900 Market St., 3rd Fl.
Philadelphia, PA 19103-3527
mopalisky@cozen.com

/s/ Todd R. Michaelis (ct28821)
Todd R. Michaelis

# **<u>EXHIBIT 3</u>**

## Marilyn Wey

| | |
|---|---|
| **From:** | Kathleen Nastri |
| **Sent:** | Thursday, January 21, 2016 6:13 PM |
| **To:** | Kristin Connors; Todd R. Michaelis |
| **Cc:** | Doreen M. Archambault; Jack Mills; Linda Grossberg; Marilyn Wey |
| **Subject:** | RE: ConAgra - Schmidt |

OK.  I will wait to see the responses

-----Original Message-----
From: Kristin Connors [mailto:KConnors@carmodylaw.com]
Sent: Thursday, January 21, 2016 5:24 PM
To: Kathleen Nastri <KNastri@KOSKOFF.com>; Todd R. Michaelis <TMichaelis@carmodylaw.com>
Cc: Doreen M. Archambault <DArchambault@carmodylaw.com>; Jack Mills <attyjohnwmills@sbcglobal.net>; Linda
Grossberg <LGrossberg@KOSKOFF.com>; Marilyn Wey <MWey@KOSKOFF.com>
Subject: RE: ConAgra - Schmidt

Kathleen,

I should have been more specific in my voice mail message to you on Tuesday regarding responses and production
notwithstanding the objections.

We ask that you wait to see the responses and document production before seeking to argue the objections.  ConAgra
intends to produce documents and answer most if not all of the requests for admission and interrogatories over the
objections.  While in many instances ConAgra is not able to agree with the wording of the various requests, for the most
part we believe that we have an understanding of what is sought and intend to provide it.  There may be a just a few
items that will need to be brought to the court's attention, but I expect the responses and document production to
alleviate most, if not all, of your concerns.

Kristin

Kristin Connors
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street | Waterbury, CT 06702
Direct: 203-578-4202 | Fax: 203-575-2600 mailto:KConnors@carmodylaw.com | http://www.carmodylaw.com

-----Original Message-----
From: Kathleen Nastri [mailto:KNastri@KOSKOFF.com]
Sent: Thursday, January 21, 2016 4:46 PM
To: Kristin Connors; Todd R. Michaelis
Cc: Doreen M. Archambault; Jack Mills; Linda Grossberg; Marilyn Wey
Subject: RE: ConAgra - Schmidt

Kristin/Todd – I am stunned by these objections.  I thought, after spending a lot of time going over the objections the
first time, that we had reached some understanding regarding discovery.  I spent a great deal of time revising these

interrogatories and requests for admissions specifically to address your concerns.  I will be asking the court to schedule a hearing on this.

Kathleen

From: Doreen M. Archambault [mailto:DArchambault@carmodylaw.com]
Sent: Thursday, January 21, 2016 4:37 PM
To: Kathleen Nastri <KNastri@KOSKOFF.com>
Cc: Kristin Connors <KConnors@carmodylaw.com>; Todd R. Michaelis <TMichaelis@carmodylaw.com>
Subject: ConAgra - Schmidt

Please see attached.

Doreen M. Archambault

Legal Assistant

Carmody Torrance Sandak & Hennessey LLP

50 Leavenworth Street | Waterbury, CT 06702

Direct: 203-578-4298 | Fax: 203-575-2600

DArchambault@carmodylaw.com <mailto:DArchambault@carmodylaw.com>  | www.carmodylaw.com <http://www.carmodylaw.com>

----------------------------

IRS CIRCULAR 230 DISCLOSURE. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in the communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us

immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com <http://www.carmodylaw.com>  .

----------------------------

HTML

KK&B
Koskoff, Koskoff & Bieder, PC
350 Fairfield Ave.
Bridgeport, CT 06604
203.336.4421
www.koskoff.com


THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.


----------------------------
IRS CIRCULAR 230 DISCLOSURE. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in the communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the
recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com .
----------------------------
PT
KK&B
Koskoff, Koskoff & Bieder, PC
350 Fairfield Ave.
Bridgeport, CT 06604
203.336.4421
www.koskoff.com<http://www.koskoff.com>


THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

# **EXHIBIT 4**

# **EXHIBIT 4 (partial)**

**Counsel has omitted Defendant's Objections and Responses to Plaintiffs' Revised First Set of Interrogatories and Requests for Production dated April 6, 2016 as this information has been classified as "CONFIDENTIAL".**

**Therefore, a copy has not been formally filed on the docket but has been provided to the court for in camera review.**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EMMA SCHMIDT and HALLIE MEYER** | : | **CIVIL ACTION NO.** |
| **Plaintiffs,** | : | **3:14-CV-01816 (SRU)** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CONAGRA FOODS, INC.** | : | |
| **Defendant** | : | **APRIL 6, 2016** |

## DEFENDANT CONAGRA FOODS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REVISED REQUESTS FOR ADMISSION

Preliminary Note:  In accordance with discussions between the parties to narrow and clarify these requests, the "PAM Canister" that is the subject of these Objections and Responses to Plaintiffs' Requests for Admission is seen in Fire Marshal photo #75, attached to Plaintiffs' Requests for Admission as Exhibit A, and bears the following identifying marks:

**????1227100L614:38**
**Best by J?n 20 2014**

1. Under 49 CFR Sec. 173.306 and 49 CFR Sec. 178.33a, the DOT regulates the specifications of the PAM canister that was in the Meyer home on May 13, 2013 and the pressure of the contents therein while being transported.

**RESPONSE:**

ConAgra admits that 49 CFR Sec. 173.306 and 49 CFR Sec. 178.33a pertain to the PAM Canister while in transportation and that 49 CFR Sec. 173.306 includes specifications pertaining to the internal pressure of the PAM Canister while in transportation.  ConAgra denies that 49 CFR Sec. 178.33a regulates the pressure of the contents of the PAM Canister.  ConAgra denies the remainder of the allegations in this Request.

1

2.  In 2013, PAM Original made with canola oil was packaged and sold to consumers in both DOT-2Q vented and DOT-2Q non-vented containers.

**OBJECTION:**

>   ConAgra objects to this request in that its reference to "DOT-2Q vented and DOT-2Q non-vented containers" is vague and ambiguous as these descriptions do not identify particular containers or PAM products, of which there are many.

**RESPONSE:**

>   Subject to and without waiving the foregoing objections, ConAgra admits that, in 2013, PAM was sold in containers that met the DOT-2Q standard and that some of these containers were a vented design and others were not.

3.  Per DOT Regulations, 49 CFR-Sec. 173.306, the maximum 130°F equilibrium vapor pressure of the contents in the PAM vented canisters in the Meyer home on the date of this incident must not exceed 180-psig.

**OBJECTION:**

>   ConAgra objects to this request in that its reference to "the PAM vented canisters" is vague and ambiguous because it does not identify a particular container.

**RESPONSE:**

>   Subject to and without waiving the foregoing objections, ConAgra admits that 49 CFR Sec. 173.306 pertains to the PAM Canister while in transit and that it specifies a maximum internal pressure at 130°F of 180 psig.  ConAgra denies that 49 CFR Sec. 173.306 applies to the PAM Canister while in the Meyer home.

4.  Per DOT regulations of 49 CFR Sec. 173.306 and 49 CFR Sec. 178-33a, no leakage or permanent deformation of the PAM DOT-2Q canister that vented in this incident may occur out of pressure less than 180-psig.

**RESPONSE:**

>   ConAgra admits that 49 CFR Sec. 173.306 requires the PAM Canister to withstand an internal pressure of 180psig without leakage or permanent deformation while in transit. ConAgra denies the remainder of this Request.

5.  In the absence of any external forces, if the PAM canister that vented in this incident deformed or vented below a pressure of 180-psig, it did not meet DOT specifications contained in 49 CFR Sec. 173.306 and 49 CFR Sec. 178-33a.

**OBJECTION:**

> ConAgra objects to this request in that its references to "the absence of any external forces" and "deforms" are vague and ambiguous in that it does not define what an "external force" is and does not state whether the deformation is permanent or temporary. ConAgra further objects to this request in that it is vague and ambiguous because Plaintiffs fail to specify when, where, and under what circumstances they allege the DOT specifications apply.  ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations.  *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it calls for speculation.

6.  Heating of a PAM DOT-2Q canister during its intended or foreseeable uses could result in the product venting.

**OBJECTION:**

> ConAgra objects to this request to the extent it assumes facts that have not been established with regard to what the "intended or foreseeable" use of a PAM canister is. ConAgra further objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case, and further calling for a pure legal conclusion in determining the scope and application of Department of Transportation regulations.  *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it calls for speculation.

**RESPONSE:**

> Subject to and without waiving the foregoing objections, ConAgra denies that heating of a PAM canister is an intended or foreseeable use.

7.  In the event a PAM canister vents due to overheating, serious bodily injury and/or property damage can result.

**OBJECTION:**

    ConAgra objects to this request as it is an improper factual scenario request calling for ConAgra to answer a hypothetical question not tied to the facts of this case. *See Abbott v. United States*, 177 F.R.D. 92, 93-94 (N.D.N.Y. 1997); *see also Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989).  ConAgra further objects to this request as it is an incomplete hypothetical.  ConAgra further objects to this request as it calls for speculation.

8.  There is no evidence of external force or damage to the PAM canister involved in this incident before it was vented.

**OBJECTION:**

    ConAgra objects to this request in that its reference to "external force" is vague and ambiguous in that it does not define what would fall within the scope of this term.

**RESPONSE:**

    Subject to and without waiving the foregoing objection, ConAgra denies that there is no evidence of external force or damage as there is evidence that the PAM Canister was exposed to heat.

9.  ConAgra is one of North America's largest food companies.

**RESPONSE:**

    Admitted.

10. In May 2013, ConAgra was in the business selling various food brands, including PAM cooking spray.

**OBJECTION:**

    ConAgra objects to this request in that its use of the phrase "various food brands" is vague and ambiguous.

**RESPONSE:**

    Subject to and without waiving the foregoing objection, ConAgra admits that in May 2013, it sold PAM no-stick cooking spray.

11. In May 2013, with respect to PAM cooking spray, the defendant ConAgra, was a product seller within the meaning of C.G.S. § 52-572m.

**RESPONSE:**

    Admitted.

12. Defendant ConAgra sold the PAM cooking spray referenced above and seen in Fire Marshal photo #75, for use by consumers in residential kitchens.

**RESPONSE:**

    ConAgra admits that the PAM Canister was sold for use by consumers in residential kitchens.

13. Defendant ConAgra expected that the PAM cooking spray referenced above and seen in Fire Marshal photo #75, would be used in residential kitchens.

**RESPONSE:**

    ConAgra admits that it expected the PAM Canister would be used in residential kitchens.

14. A canister of PAM, present at the time of the fire at issue, over-pressurized and vented, spraying its flaming contents onto Emma Schmidt and Hallie Meyer, and igniting a fire at the Meyer residence.

**RESPONSE:**

       Denied.

                    Respectfully Submitted,

                    THE DEFENDANT,
                    CONAGRA FOODS, INC.

By: _Todd R Michaelis_
                    Kristin Connors (ct12394)
                    Todd R. Michaelis (ct28821)
                    Carmody Torrance Sandak & Hennessey LLP
                    50 Leavenworth Street
                    P.O. Box 1110
                    Waterbury, Connecticut 06721
                    Telephone: (203) 573-1200
                    Facsimile: (203) 575-2600
                    kconnors@carmodylaw.com
                    tmichaelis@carmodylaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served via e-mail on the above date to:

Kathleen L. Nastri, Esq.
J. Craig Smith
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT  06604
knastri@koskoff.com
csmith@koskoff.com

Stuart G. Blackburn
Derek E. Donnelly
Mark D. O'Hara
Law Office of Stuart G. Blackburn
2 Concorde Way #3C
P.O. Box 608
Windsor Locks, CT 06096
sgblackburn@sbcglobal.net
dd@blackburnohara.com
markohara@sbcglobal.net

Mark E. Opalisky
Cozen & O'Connor
The Atrium
1900 Market St., 3rd Fl.
Philadelphia, PA 19103-3527
mopalisky@cozen.com

Todd R. Michaelis (ct28821)

# **EXHIBIT 5**



*Law Offices*

*350 Fairfield Avenue*
*Bridgeport, CT 06604*

*(203) 336-4421*
*FAX (203) 368-3244*

*e-mail: kkb@koskoff.com*
*www.koskoff.com*

*Theodore I. Koskoff*
*(1913-1989)*
*Michael P. Koskoff*
*Richard A. Bieder*
*Joel H. Lichtenstein*
*Christopher D. Bernard*
*Carey B. Reilly*
*James D. Horwitz*
*Joshua D. Koskoff*
*Regina M. Murphy*
*Antonio Ponvert III*
*Kathleen L. Nastri*
*William M. Bloss*
*J. Craig Smith*
*Sean K. McElligott*
*Alinor C. Sterling*
*David M Bernard*
*Christopher M. Mattei*
*Cynthia C Bott*
*Katherine L. Mesner-Hage*

*Of Counsel*
*James Wu, LLC*
*Preston C. Tisdale*

*Paralegals*
*Linda Grossberg*
*Barbara Larocca*
*Beth Vogler*
*Diana V. Orozco*
*Patricia M. Harris, R.N.*
*Marge Esposito*
*Wendy Grosso*
*Diane C. Rivera, R.N.*
*Diane L. Zalewski*
*Terri L. Beatty*
*Janet E. Mitchell*
*Julie A Robson*
*Diana C. Coppola*
*Julie A. Vassar*
*Karen M. Jacobs, R.N.*
*Tara Engelman, R.N.*
*Rebecca Everhart, R.N.*

April 21, 2016

Kristin Connors, Esq.
Carmody Torrance Sandak & Hennessey, LLP
50 Leavenworth Street
Waterbury, CT 06702

> **Re:    Schmidt, Et al v. ConAgra Foods, Inc.**

Dear Kristin:

I have reviewed your answers and objections to my interrogatories and requests for production. I have the following comments and suggestions for resolution:

As a preliminary matter, I note that we spent a great deal of time going over your objections to my first set of discovery. As you know, I revised the discovery to address your concerns and was surprised to see so many objections to the revised set of discovery. When I raised this with you, you asked me to wait until I had received the responses, as "ConAgra intends to produce documents and answer most if not all of the requests for admission and interrogatories over the objections…" before I raised this with the court. I am writing to you one final time before filing a motion with the court.

**Interrogatory #1:**  You are required to provide this information under FRCP 26(a)(1)(A)(i). I do not understand the basis for the objection. In addition, you have answered the interrogatory "subject to and without waiving the objection…" Having done so, you are required to describe the nature of the information not provided sufficiently to enable me to assess the applicability of the privilege. FRCP 26(b)(5). Lastly, if there is information you are withholding, based on your objection, you are required to provide a privilege log.

**Interrogatory #2:**  Please confirm you are not withholding any information based on your claim of privilege.

**Interrogatory #3:**  This interrogatory is not overly broad or vague. It should be clear to you what the phrase "facts of the case" means. If you are claiming a privilege to any specific documents please provide a privilege log.

1



*Law Offices*

*350 Fairfield Avenue*
*Bridgeport, CT 06604*

*(203) 336-4421*
*FAX (203) 368-3244*

*e-mail: kkb@koskoff.com*
*www.koskoff.com*

*Theodore I. Koskoff*
*(1913-1989)*
*Michael P. Koskoff*
*Richard A. Bieder*
*Joel H. Lichtenstein*
*Christopher D. Bernard*
*Carey B. Reilly*
*James D. Horwitz*
*Joshua D. Koskoff*
*Regina M. Murphy*
*Antonio Ponvert III*
*Kathleen L. Nastri*
*William M. Bloss*
*J. Craig Smith*
*Sean K. McElligott*
*Alinor C. Sterling*
*David M. Bernard*
*Cynthia C. Bott*
*Katherine L. Mesner-Hage*

*Of Counsel*
*James Wu, LLC*
*Preston C. Tisdale*

*Paralegals*
*Linda Grossberg*
*Barbara Larocca*
*Beth Vogler*
*Diana V. Orozco*
*Patricia M. Harris, R.N.*
*Marge Esposito*
*Wendy Grosso*
*Diane C. Rivera, R.N.*
*Diane L. Zalewski*
*Terri L. Beatty*
*Janet E. Mitchell*
*Julie A. Robson*
*Diana C. Coppola*
*Julie A. Vassar*
*Karen M. Jacobs, R.N.*
*Tara Engelman, R.N.*
*Rebecca Everhart, R.N.*

**Interrogatory #4:** Please provide a privilege log for all documents you claim are protected, or confirm that you have not withheld documents based on the privilege.

**Interrogatory #6:** The date, name and title of any person who visited the Meyer home would not be protected or privileged. Please provide a privilege log for all documents you claim are protected, or confirm that you have not withheld documents based on the privilege.

**Interrogatory #7:** I disagree with your claim of relevance and I do not agree it is up to you to decide if other similar litigation might lead to admissible evidence. Please provide answers to this interrogatory.

**Interrogatories #10, 11, 12, 13 and 14:** We discussed these interrogatories in earlier conferences. I changed the phrasing of several interrogatories to "reasonably safe for intended purposes" because of the application of that language to a product liability claim. Additionally, the defendant does not get to choose the most efficient way for my client to conduct discovery. Regarding the protective order, Judge Underhill has a standing protective order which would apply if you make a claim that certain information is protected.

**Interrogatory 15:** I am entitled to ask you to identify the "person most knowledgeable" for purposes of a 30(b)(6) deposition. I am not looking only for the identity of the department handling simple consumer complaints. I am also interested in individuals who would have investigated issues with exploding canisters and addressed those safety issues.

**Interrogatories 16 and 17:** We specifically discussed the language in these interrogatories when we attempted to resolve the first set of objections. I disagree with you that this interrogatory is vague and ambiguous. I have already addressed the issue of a protective order.

**Interrogatory 19:** These terms are not vague or ambiguous. I have addressed the standing protective order above.

**Interrogatory 20:** I would be stunned if ConAgra was unfamiliar with the terms "Pam canisters" and "retail markets."

**Interrogatory 22:** You have cited the Abbott case again. We discussed this the last time we went over your objections. The Abbott case does not support your position. The Abbott Court found certain requests for admission improper, stating: "The defect of this request is plain—plaintiffs have attempted to have the Government respond to a legal question unconnected to the facts of the case at bar." These interrogatories do not ask you to respond to a legal question and the facts are most certainly connected to this case.

2



**Koskoff**
**Koskoff**
**&**
**Bieder** *PC*

*Law Offices*

*350 Fairfield Avenue*
*Bridgeport, CT 06604*

*(203) 336-4421*
*FAX (203) 368-3244*

*e-mail: kkb@koskoff.com*
*www.koskoff.com*

*Theodore I. Koskoff*
*(1913-1989)*
*Michael P. Koskoff*
*Richard A. Bieder*
*Joel H. Lichtenstein*
*Christopher D. Bernard*
*Carey B. Reilly*
*James D. Horwitz*
*Joshua D. Koskoff*
*Regina M. Murphy*
*Antonio Ponvert III*
*Kathleen L. Nastri*
*William M. Bloss*
*J. Craig Smith*
*Sean K. McElligott*
*Alinor C. Sterling*
*David M. Bernard*
*Cynthia C. Bott*
*Katherine L. Mesner-Hage*

*Of Counsel*
*James Wu, LLC*
*Preston C. Tisdale*

*Paralegals*
*Linda Grossberg*
*Barbara Larocca*
*Beth Vogler*
*Diana V. Orozco*
*Patricia M. Harris, R.N.*
*Marge Esposito*
*Wendy Grosso*
*Diane C. Rivera, R.N.*
*Diane L. Zalewski*
*Terri L. Beatty*
*Janet E. Mitchell*
*Julie A. Robson*
*Diana C. Coppola*
*Julie A. Vassar*
*Karen M. Jacobs, R.N.*
*Tara Engelman, R.N.*
*Rebecca Everhart, R.N.*

**Interrogatory 25:**  I disagree with you that these terms are vague and ambiguous, and suggest that you review the court's standing protective order.

I would suggest we hold off on discussing the Request for Production until we attempt to resolve these interrogatories.

We are well behind where we should be in discovery.  Therefore, I would like to get this resolved quickly. I will file a motion with the court in 10 days if we have not resolved these issues.   Please call me if you wish to discuss this further.

Sincerely,

Kathleen L. Nastri

KLN/mw
cc: Eric Kuwana, Esq.
    Mark Opalisky, Esq.
    Jack Mills, Esq.

3